IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:09-CR-3072 |
| vs. | |
| JEMAINE LARON SIDNEY, | ORDER |
| Defendant. | |

This matter is before the Court[1] on correspondence that the Court construes as a motion to for credit for time served. Filing 180. The Court must deny the defendant's motion.

The defendant was sentenced on July 9, 2020, to a term of 30 months' imprisonment for violating the terms of his supervised release. He was apparently informed at sentencing that his credit for time served would run from his first appearance before a Magistrate Judge on the charge—here, December 12, 2019, after which the defendant had been detained. Filing 167. Apparently, the Bureau of Prisons has calculated the defendant's credit for time served differently.

But the Court's remarks at sentencing have no legal effect. The Court can only *recommend* credit for time served, and isn't authorized to *award* credit at sentencing. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 332-35 (1992). The Attorney General, through the Bureau of Prisons, has the exclusive authority to compute and apply credit for time served. *Wilson*, 503 U.S. at 335.

---

[1] The defendant's letter was directed to Judge Kopf, but Judge Kopf has retired.

If the defendant believes he's being held unlawfully,[2] his remedy cannot be found in this Court. The defendant must, first, exhaust his administrative remedies with the Bureau of Prisons. *Id.* at 335; *see United States v. Chappel,* 208 F.3d 1069, 1069 (8th Cir. 2000); *see also* 28 C.F.R. §§ 542.10 *et seq.* Only after exhausting their administrative remedies may prisoners seek judicial review. *See Wilson,* 503 U.S. at 335; *United States v. Bayless,* 940 F.2d 300, 304-305 (8th Cir. 1991). Specifically, if the Bureau of Prisons rejects the defendant's argument, he may file a habeas corpus petition under 28 U.S.C. § 2241 in the judicial district where he is imprisoned. *See Mathena v. United States,* 577 F.3d 943, 946 (8th Cir. 2009); *Chappel,* 208 F.3d at 1069. But his motion here is nothing the Court can grant. Accordingly,

    IT IS ORDERED that the defendant's motion to for credit for time served (filing 180) is denied.

Dated this 25th day of September, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[2] The Court can only speculate, but according to Nebraska state records, the defendant was incarcerated in Nebraska from August 18, 2020 to June 1, 2022, for charges presumably related to the misconduct that also led to the revocation of his supervised release. The Bureau of Prisons may have found that the defendant's federal sentence wasn't running during his state time—which would make sense, because the judgment (filing 173) didn't specify whether the sentence would run consecutively or concurrently with any state sentence, meaning that the sentences would run consecutively by default. *See United States v. Poe,* 764 F.3d 914, 916 (8th Cir. 2014) (citing 18 U.S.C. § 3584(a)).